Filed 2/22/24  P. v. Rivera CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>OMAR L. RIVERA,<br><br>Defendant and Appellant. | B331806<br><br>(Los Angeles County Super. Ct. No. TA050108) |

APPEAL from an order of the Superior Court of Los Angeles County, Connie R. Quinones, Judge.  Affirmed.

Larry Pizarro, under appointment by the Court of Appeal for Defendant and Appellant.

No appearance by Respondent.

In 1998, a jury convicted Omar L. Rivera of premeditated attempted murder (Pen. Code,[1] §§ 187, subd. (a), 664), and found true the allegations that Rivera personally used a firearm (§ 12022.5) and personally inflicted great bodily injury upon the victim (§ 12022.7). The trial court sentenced Rivera to life with the possibility of parole, plus a determinate term of 13 years in prison. The Court of Appeal affirmed Rivera's conviction on direct appeal.

In 2022, Rivera petitioned for resentencing pursuant to section 1172.6 (former section 1170.95). After appointing counsel and receiving briefs from the People and Rivera, the trial court held a hearing and denied the petition based on its finding that Rivera did not present a prima facie case for relief. The court found that Rivera was convicted as the actual perpetrator; the jury was not instructed on aiding and abetting or the natural and probable consequences theory of liability for attempted murder.

Rivera appealed, and this court appointed counsel to represent him. After examining the record, Rivera's attorney filed an opening brief raising no issues and asking that we follow the procedures set forth in *People v. Delgadillo* (2022) 14 Cal.5th 216. We invited Rivera to submit a supplemental brief.

Rivera submitted a two-page letter in response that requests we conduct an independent review of the record. He contends that (1) counsel rendered ineffective assistance by failing to investigate other individuals who were identified in the police report or to call those individuals to testify at trial; (2) the police never interviewed Rivera regarding the crime; (3) the police report states that the victim was shot with a revolver, but

---

[1] All further statutory references are to the Penal Code.

pistol casings were introduced as evidence at trial; and (4) Rivera's inability to understand English prevented his attorney from fully advising him of his situation.  We limit our consideration to the enumerated issues.  (*Delgadillo*, *supra*, 14 Cal.5th at p. 232 [where a defendant's attorney finds no arguable issues in an appeal from the denial of a section 1172.6 petition and the defendant files a supplemental brief, "the Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a written opinion," but the question of whether to conduct an independent review of the entire record is "wholly within the court's discretion"].)

None of the arguments raised in Rivera's supplemental brief address his eligibility for resentencing under section 1172.6 or have any bearing on whether Rivera could "presently be convicted of murder or attempted murder because of changes to Section 188 or 189 made effective January 1, 2019."  (§ 1172.6, subd. (a)(3).)  Rivera's arguments accordingly provide no basis for reversal.  (See, e.g., *People v. DeHuff* (2021) 63 Cal.App.5th 428, 438 [section 1172.6 "does not permit a petitioner to establish eligibility on the basis of alleged trial error"].)

# DISPOSITION

The trial court's order denying Rivera's section 1172.6 petition is affirmed.

NOT TO BE PUBLISHED.


MOOR, Acting P. J.

WE CONCUR:



KIM, J.



LEE, J.*

---

*     Judge of the San Bernardino Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.